United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZO LACOUR, SPN #02212521, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-4280 |
| HARRIS COUNTY, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Lorenzo Lacour (SPN #02212521), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), concerning an incident that occurred while he was confined in the Harris County Jail. Because Lacour is a prisoner who proceeds <u>in forma pauperis,</u> the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the Complaint and dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>see also</u> 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

While in custody at the Harris County Jail, Lacour filed this action against Harris County, Detention Officer C. Chukwu, and fellow inmate Reid Nathan Billingsley (SPN #02794995).[1] Lacour claims that Billingsley and several other inmates attacked him on September 11, 2023.[2] It appears that the altercation occurred on the second floor of the Jail in the "MHMR[] unit," where Officer Chukwu was assigned.[3] Lacour claims that Officer Chukwu was sleeping in the "PCC Office" when Lacour was assaulted, which resulted in bodily harm.[4]

Lacour accuses Officer Chukwu of negligence and asks that he be reprimanded.[5] Lacour asks that all of his assailants be held accountable for attacking him.[6] Lacour also seeks punitive damages from Harris County for Officer Chukwu's negligent failure to protect him from harm.[7]

## II. Standard of Review

Federal courts are required by the PLRA to screen prisoner

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] Id. at 4.

[3] Id. at 3.

[4] Id. at 4.

[5] Id.

[6] Id.

[7] Id.

complaints to identify cognizable claims or dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 306-07 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted). A district court may summarily dismiss a pro se litigant's lawsuit "before service

of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citations omitted).

### III.  Discussion

#### A.  Claims Against Billingsley and Other Assailants

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

Lacour cannot sue Billingsley or any of the other inmates who attacked him under 42 U.S.C. § 1983 because he cannot show that they qualify as state actors. See Bryant v. Military Dep't of Miss., 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts 'under color of state law' if he engages in the '[m]isuse of power,

-5-

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citations omitted). Accordingly, Lacour's claim against Billingsley is dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983.

### B.   Claims Against Officer Chukwu

Lacour accuses Officer Chukwu of negligence for falling asleep at his post and asks that he be reprimanded.[8] Claims of negligence are not actionable under 42 U.S.C. § 1983. See, e.g., Davidson v. Cannon, 106 S. Ct. 668, 670 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (finding that allegations amounting to a claim of negligence were insufficient to raise a constitutional violation under 42 U.S.C. § 1983); Ballard v. Travis County Sheriff's Dep't, 51 F.3d 1042, 1995 WL 152971, at *1 (5th Cir. 1995) (per curiam, unpublished) ("The negligent failure to protect an inmate from other inmates will not support a cause of action under § 1983"). Likewise, there is no constitutional right to have an officer disciplined or corrected. See Brown v. Gusman, Civil No. 15-1491, 2015 WL 6827260, *7 (E.D. La. 2015) (citing Ordaz v. Martin, No. 93-4170, 1993 WL 373830, at *9 (5th Cir. Sept. 15, 1993) (per curiam)). Accordingly, the claim

---

[8]Complaint, Docket Entry No. 1, pp. 3, 4.

against Officer Chukwu is dismissed for failure to state a claim upon which relief may be granted under § 1983.

C.   **Claims Against Harris County**

Lacour does not articulate a viable claim against Harris County, which cannot be held vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Services of City of New York, 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege facts identifying "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002); see also Monell, 98 S. Ct. at 2037-38. Lacour does not allege facts that are sufficient to establish a policy or to state a claim for relief against Harris County as a municipality.[9] See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A

---

[9]In addition, Lacour's claim for punitive damages against Harris County fails for other reasons because punitive damages are not recoverable against a municipality in a suit filed under 42 U.S.C. § 1983. See City of Newport v. Fact Concerts, Inc., 101 S. Ct. 2748, 2762 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983").

municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). Absent a viable federal claim, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B).[10]

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Lorenzo Lacour under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 7th day of MARCH 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[10]The court declines to address or exercise supplemental jurisdiction over any state-law claim that Lacour may have. See 28 U.S.C. § 1367(c)(3); see also Wong v. Stripling, 881 F.2d 200, 203-04 (5th Cir. 1989).